UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

MALING FELICIANO,

       Plaintiff,

  -against-                                      09 Civ. 2474 (CM)

131 STREET BLOCK ASSOCIATION, INC., and
JIMMY STALLINGS,

       Defendants.

------------------------------------------------------------X

DOCUMENT ELECTRONICALLY FILED
DATE FILED: 1/13/11

## MEMORANDUM DECISION AND ORDER DISMISSING COMPLAINT

McMahon, J.:

In this employment discrimination action brought by plaintiff pro se pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. (ADEA), and corresponding state and local statutes, defendants move for summary judgment

    (1) Dismissing the federal claims against defendant Jimmy Stallings because individuals cannot be held liable for violations of either Title VII or ADEA;

    (2) Dismissing the federal claims against defendant 131 Street Block Association, Inc., because it did not employ the number of people required to qualify it as an "employer" under the relevant federal statutes;

    (3) Dismissing the claims against both defendants asserted under the New York State Human Rights Law, Exec. L. § 296, on the ground of election of remedies.

The motion to dismiss the federal claims are granted. In the absence of any federal claims, the court dismisses the pendent state and local law claims as well.

**Statement of Relevant Facts**

Plaintiff claims that she was employed by the Association, a not-for-profit community-based program that fosters better living conditions for the residents of the St. Nicholas Housing Development and its surrounding area in Harlem. Plaintiff was hired on or about September 21, 1999. She was placed on probation on December 16, 2007 and was fired on or about February 8, 2008. Shortly before her last day of work, on February 6, 2008, Plaintiff filed a complaint of

Copies mailed/faxed/handed to counsel on 1/13/11

discrimination with the New York State Division of Human Rights. After investigation, the SDHR determined that plaintiff's allegations of discrimination based on her national origin (Puerto Rican and Chinese) and age (fifty years old) were unfounded – as was her allegation that the Association's Director, defendant Stallings, had stolen money from her. Her complaint was dismissed on October 10, 2008.

The undisputed evidence – consisting of the Association's payroll records -- demonstrates that the Association did not have more than 12 employees on its payroll during each working day of any twenty calendar weeks during the year of plaintiff's allegedly discriminatory termination (2008), or the immediately preceding calendar year, when she was allegedly placed on discriminatory probation(2007), or in the calendar year immediately preceding that (2006).

There is apparently some mention of the year 2004 in plaintiff's complaint. Federal claims about events that occurred more than 300 days from the date of the filing of plaintiff's complaint with the SDHR are, of course, time barred, so the court fails to see how the size of the Association's payroll in 2004 and its immediately preceding year could possibly be relevant. However, the Association's payroll records also reveal that it did not employ at least 15 people during each working day in each of twenty or more calendar weeks during those years, either.

Plaintiff makes a number of conclusory (and vague) statements about allegedly larger numbers of persons on the Association's payroll at various times, but none of her statements is evidentiary, and even if they were, nothing she says establishes that the Association employed as many as 15 people on each working day in each of twenty or more calendar weeks during the any given year.

**Standard for Granting Summary Judgment**

A party is entitled to summary judgment when there is no "genuine issue of material fact" and the undisputed facts warrant judgment for the moving party as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). In addressing a motion for summary judgment, "the court must view the evidence in the light most favorable to the party against whom summary judgment is sought and must draw all reasonable inferences in [its] favor." Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Whether any disputed issue of fact exists is for the Court to determine. Balderman v. United States Veterans Admin., 870 F. 2d 57, 60 (2d Cir. 1989).

The moving party has the initial burden of demonstrating the absence of a disputed issue of material fact. Celotex v. Catrett, 477 U.S. 317, 323 (1986). Once such a showing has been made, the non-moving party must present "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The party opposing summary judgment "may not rely on conclusory allegations or unsubstantiated speculation." Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998). Moreover, not every disputed factual issue is material in light of the substantive law that governs the case. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude summary judgment." Anderson, 477 U.S. at 248. Finally, the nonmoving party "must do more than simply show that there is some metaphysical

doubt as to the material facts." Matsushita Elec. Industries Co., 475 U.S. at 586. To withstand a summary judgment motion, sufficient evidence must exist upon which a reasonable jury could return a verdict for the nonmovant.

While pro se litigants are accorded considerable deference in this Circuit, "bald assertions made by a pro se litigant that are unsupported by evidence are insufficient to defeat a motion for summary judgment." Owusu v. New York State Insurance, 655 F. Supp. 2d 308, 318 (S.D.N.Y. 2009); see also, Lee v. Coughline, 902 F. Supp. 424, 429 (S.D.N.Y. 1995).

### Plaintiff's Federal Claims Must Be Dismissed

Even if defendants engaged in acts of discrimination (and this court expresses no opinion whatever on that issue), no claim lies against either the Association or Stallings under federal law.

Title VII and the ADEA are statutes of limited applicability. The former applies only to entities that employ "*fifteen or more employees* for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 200e(b). And the latter statute applies only to entities that employ "*twenty or more employees* for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 29 U.S.C. § 630(b). (Emphasis added in each case). The phrase "current calendar year" refers to the year in which the allegedly discriminatory practice occurred. Rovira v. New York Apparel Sales, 2002 WL 1471557, at *3 n.6 (E.D.N.Y. May 31, 2002).

If a plaintiff cannot establish that the appropriate employment threshold is met, her claim is substantively inadequate and must be dismissed on the merits. Arbaugh v. Y & H Corp., 546 U.S. 500, 516 (2006); DaSilva v. Kinsho Int'l Corp., 229 F. 3d 358, 365 (2d Cir. 2000); Newsom-Lang v. Warren Intern. Inc., 240 F. Supp. 2d 292, 2976 (S.D.N.Y. 2003).

Ordinarily, a court determines the number of employees in any given time period by looking at the employer's payroll records. Walters v. Metropolitan Educational Enterprises, Inc., 519 U.S. 202, 212 (1997).

Here, the allegedly discriminatory acts took place in the years 2007 and 2008, so the Association has provided the court with payroll records for the years 2006, 2007 and 2008. The payroll records demonstrate that there were not twenty weeks during any of those years when the Association employed as many as 15 persons on each day or the work week. Therefore, the Association is not a "covered employer" for purposes of Title VII – and perforce is not a covered employer for purposes of the ADEA – and plaintiff's federal claims against the Association must be summarily dismissed.

Plaintiff's federal claims against defendant Jimmy Stallings must also be dismissed, for an entirely different reason. Unlike the New York State Human Rights Law, Title VII and the ADEA do not provide for individual liability on the part of supervisory personnel. Arculeo v. On-Site Sales & Marketing, LLC, 425 F. 3d 193, 196 n.2 (2d Cir. 2005)(Title VII); Martin v.

Chemical Bank, 129 F. 3d 114, 1997 WL 701359, at *3  (2d Cir. 1997)(ADEA). For this reason, plaintiff's federal claims against Stallings fail as a matter of law.

Her federal claims having been dismissed, the court declines to exercise pendent jurisdiction over any claims arising under state or local law.  While they are dismissed without prejudice,  it also appears that this court also lacks subject matter jurisdiction over said claims, in that they were actually adjudicated in an administrative forum – the SDHR. Lomak v. New York Institute of Technology, 2010 WL 1915041, at *7. Dismissal on either ground – lack of subject matter jurisdiction or refusal to exercise supplemental jurisdiction in the absence of any viable federal claim – must, of course, be without prejudice. It does not appear, however, as though plaintiff can refile these claims in the New York State Supreme Court; her time to appeal from the SDHY decision expired 60 days after the decision was served on her, which period expired in December 2008.

The Clerk of the Court is directed to close the file and to remove the instant motion from the court's list of outstanding motions.

Dated: January 12, 2011

_____
U.S.D.J.

BY FIRST CLASS MAIL TO

    Maling Feliciano
    1014 Gerard Avenue
    Apt. 2D
    Bronx, New York  10452

    Patrick J. Boyd, Esq.
    The Boyd Law Group PLLC
    370 Lexington Avenue
    Suite 1705
    New York, New York 10017